UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED

JUN 22 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                  INFORMATION NO. 7:20-10-DCR
                                    18 U.S.C. § 371

KEVIN DUAYNE JOHNSON,
    aka BIGJOHNSON1977KEVIN, and
MARSHA DEON ADDINGTON-JOHNSON,
    aka MARSHA D. JOHNSON,
    aka BIGJOHNSONBETTERHALF

\* \* \* \* \*

**THE UNITED STATES ATTORNEY CHARGES:**

From on or about November 16, 2017, and continuing through on or about March 21, 2018, in Letcher County, in the Eastern District of Kentucky,

KEVIN DUAYNE JOHNSON,
aka BIGJOHNSON1977KEVIN, and
MARSHA DEON ADDINGTON-JOHNSON,
aka MARSHA D. JOHNSON,
aka BIGJOHNSONBETTERHALF,

did knowingly and willfully conspire together to commit offenses against the United States, that is: to introduce adulterated or misbranded drugs into interstate commerce with intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), and each did acts to effect the object of the conspiracy.

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy to profit through introducing adulterated or

misbranded drugs (Gamefowl Black Vitamins) into interstate commerce (using eBay) with intent to defraud or mislead.

## MANNER AND MEANS

In furtherance of the conspiracy, **JOHNSON** and **ADDINGTON-JOHNSON** employed the following manner and means:

   a. The joint scheme involved the bottling, mixing, advertising, and sale of an adulterated or misbranded drug called Gamefowl Black Vitamins. **JOHNSON** purchased bulk quantities of Lixotinic, a nutrient-providing vitamin and mineral supplement intended for use in horses, and poured it into smaller bottles. **JOHNSON** periodically mixed Lixotinic with water in the smaller bottles. **JOHNSON** did not label the smaller bottles. **JOHNSON** and **ADDINGTON-JOHNSON** listed the smaller bottles for sale—purportedly as Gamefowl Black Vitamins—on the Internet, using eBay, under their usernames, **BIGJOHNSON1977KEVIN** and **BIGJOHNSONBETTERHALF**, respectively, and actually sold said products on eBay.

   b. **JOHNSON** and **ADDINGTON-JOHNSON** did not disclose to potential customers that the Gamefowl Black Vitamins product was either re-bottled Lixotinic or a Lixotinic/water mixture. Neither **JOHNSON** nor **ADDINGTON-JOHNSON** ever contacted the U.S. Food and Drug Administration (FDA) concerning the bottling, mixing, advertising, and sale of Gamefowl Black Vitamins.

## OVERT ACTS

   1. **JOHNSON** bottled, mixed, advertised, and sold an adulterated or

misbranded drug, Gamefowl Black Vitamins, in interstate commerce, over the Internet using eBay. **ADDINGTON-JOHNSON** advertised and sold an adulterated or misbranded drug, Gamefowl Black Vitamins, in interstate commerce, over the Internet using eBay. **JOHNSON** and **ADDINGTON-JOHNSON** made representations concerning the Gamefowl Black Vitamins product's effects, including, "Great for brood fowl during breeding season to help produce strong healthy eggs/chicks" and "Aids stressed or injured chickens in obtaining optimum health before traveling; during penning or moving; and after trimming or deworming[.]"

2. **ADDINGTON-JOHNSON** transported bottles of Gamefowl Black Vitamins to the United States Postal Service for delivery to customers, and actually mailed said bottles to customers. **ADDINGTON-JOHNSON** periodically hand-wrote notes included in said packages to thank customers for their purchases.

3. Customers outside Kentucky purchased Gamefowl Black Vitamins from **JOHNSON** and **ADDINGTON-JOHNSON**, and **ADDINGTON-JOHNSON** actually mailed Gamefowl Black Vitamins outside Kentucky.

4. The FDA did not approve the bottling, mixing, or sale of **JOHNSON**'s and **ADDINGTON-JOHNSON**'s products. The FDA did not approve **JOHNSON**'s and **ADDINGTON-JOHNSON**'s representations concerning the Gamefowl Black Vitamins product's alleged salutary or disease-treating effects.

All in violation of 18 U.S.C. § 371.

## FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C)
### 18 U.S.C. § 982(a)(7)
### 28 U.S.C. § 2461(c)

Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c), upon conviction of the felony offense charged in this Information, **KEVIN DUAYNE JOHNSON, aka BIGJOHNSON1977KEVIN,** and **MARSHA DEON ADDINGTON-JOHNSON, aka MARSHA D. JOHNSON, aka BIGJOHNSONBETTERHALF**, shall forfeit any property, real or personal, that constitutes or is derived from proceeds traceable, directly or indirectly, to the commission of the offense, and property traceable to such property.

By virtue of the commission of the felony offense charged in this Information, the property to be forfeited includes:

1) A money judgment in an amount of $20,023.55, which represents the amount of proceeds obtained as a result of the offense, for which **JOHNSON** and **ADDINGTON-JOHNSON** are jointly and severally liable; and

2) Any and all items seized during the March 21, 2018, search of the Defendants' residence, including but not limited to unapproved, misbranded, or adultered drugs and pesticides, any and all instrumenalities of cockfighting (knives, gaffs, etc.), and $21,000 in United States currency.

Any and all interest each Defendant has in this property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C.

§ 982(a)(7), and 28 U.S.C. § 2461(c).

**SUBSTITUTE ASSETS:**

If any of the property described above, as a result of any act or omission of either Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America to seek forfeiture of any other property in which either Defendant has an interest, up to the value of the judgment described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

*/s/ Robert M. Duncan, Jr.*
**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

## PENALTIES

Imprisonment for not more than 5 years, fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Forfeiture of listed items.

**PLUS:** Restitution, if applicable.